# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE EDWARD ERVIN, | ) | Case No. 1:24-cv-1625 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | Jennifer Dowdell Armstrong |
| ROYAL HEAVEN GROUP HOME, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff George Edward Ervin, proceeding without a lawyer, filed a civil complaint in this case naming as Defendants the Royal Heaven Group Home, social worker McGregor Pace, Edward Retirement Home, the Cleveland Clinic, and University Hospitals. (ECF No. 1.) It appears from Plaintiff's complaint and the attachments to it that he contends he has been impeded in his ability to work and as a result was unable to obtain or retain housing. But his complaint fails to set forth cogent factual allegations or legal claims. His Statement of Claim, in its entirety, simply states:

> On April 5, 2024, I went to Orientation at Giant Eagles for employment as a new hire. I won't [be] eligible until 10-3-2024. I received another interview on June 5, 2024 at 3:30 PM. I also had financial with Cuyahoga Community College and refused permission to go and refused my right to come and [d]o job training, employed. Dr. DeGolia from McGregor Pace gave an examination and refusal on May 1, 2024.

(*Id.*, PageID #4.)

With his complaint, Plaintiff filed an application to proceed *in forma pauperis*. (ECF No. 2.) The Court **GRANTS** that application. For the reasons that follow, the Court **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

## STANDARD OF REVIEW AND DISCUSSION

Pleadings and documents filed by *pro se* litigants are "liberally construed," and a "*pro se* complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

*Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to make allegations on their behalf or create claims for them that they have not spelled out in their pleading. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008); *Payne v. Secretary of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (recognizing that liberal construction for *pro se* litigants does not "abrogate basic pleading essentials").

To meet the minimum notice pleading requirements necessary to state a claim in federal court, a complaint's allegations must be sufficient to give the defendants fair notice of what the plaintiff's legal claims against them are and the grounds on which they rest. *Bassett*, 528 F.3d at 437 (citing *Lillard v. Shelby Cnty. Bd. of Educ.*,

76 F.3d 716, 726–27 (6th Cir. 1996)). To state a claim, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under Section 1915(e)(2)(B)). Although detailed allegations are not required, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Moreover, federal law requires courts to screen all *in forma pauperis* complaints and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Based on this review, the Court finds that the statute requires dismissal of Plaintiff's complaint. Even liberally construed, the complaint fails to meet the basic pleading requirements necessary to apprise Defendants of the factual and legal bases for this lawsuit. And the unclear general assertions set forth in his Statement of Claim fail to raise his right to relief against any Defendant above a speculative level or to demonstrate that he states a claim on which the Court may grant relief. *See Lillard*, 76 F.3d at 726–27 (courts are not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

## CONCLUSION

For these reasons, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court **DISMISSES** Plaintiff's complaint. Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies, that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: December 5, 2024

J. Philip Calabrese
United States District Judge
Northern District of Ohio